UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| OLEN MIDKIFF, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | No. 4:08-CV-01219-DJS |
| ) | |
| 3M COMPANY, et al., ) | |
| ) | |
| Defendants. ) | |

**RESPONSE OF DEFENDANT 3M COMPANY
TO DEFENDANT MINE SAFETY APPLIANCES CO.'S
EMERGENCY MOTION TO RECONSIDER THE COURT'S ENTRY
OF PROTECTIVE ORDER, RESPONSE TO PLAINTIFFS'
MOTION TO RECONSIDER 3M'S MOTION FOR PROTECTIVE ORDER; AND
<u>MOTION OF 3M COMPANY TO WITHDRAW PROTECTIVE ORDER</u>**

Pursuant to the Court's Order of May 17, 2010 [dkt. no. 59], Defendant 3M Company ("3M") makes the following response to (1) the emergency motion of Defendant Mine Safety Appliances Co. ("MSA") to reconsider the Court's entry of protective order [dkt. no. 58], (2) MSA's Memorandum Brief in support of its motion [dkt. no. 61], and (3) Plaintiffs' motion to reconsider 3M's motion for protective order [dkt. no. 57]. In so doing, 3M also moves the Court to withdraw the Protective Order [dkt. # 55-1] entered pursuant to the stipulation between 3M and Plaintiffs, in order that 3M may submit a motion for entry of a protective order that applies to all parties.

In support, 3M states as follows.

1.  3M and Plaintiffs stipulated to entry of the Protective Order to govern discovery *between 3M and Plaintiffs*. MSA has objected on the basis that 3M did not discuss the Protective Order first with MSA; and on the basis that a protective order is not justified in any event and

would somehow violate MSA's rights to due process. MSA Mtn.; *see also* MSA Mem. Brf. at 3-9.[1]

2. MSA's Motion and Brief mischaracterize 3M's actions and its intention: 3M has at all times intended to work with MSA to establish a protective order between MSA and 3M, precisely as these parties – business competitors – have agreed to in a number of other similar cases, most recently in litigation in Kentucky. Affidavit of Larry King, counsel for 3M, to be submitted as Exhibit 1 hereto, at ¶¶ 3, 5, 7-9, and Exhibit 1 thereto; Affidavit of Dan Adams, counsel for 3M, to be submitted as Exhibit 2 hereto. 3M moved forward first with a protective order between itself and Plaintiffs simply because its responses to Plaintiffs' discovery were due first, and in order to produce documents to Plaintiffs, a protective order was needed to protect trade secrets and intellectual property contained in those documents.[2] 3M's responses to MSA's discovery requests, by contrast, are not due until May 24, 2010.

3. 3M regrets that the motions to reconsider were necessary: it is and has always been 3M's intention to work out agreed protective orders, not only with Plaintiffs, but with MSA. Indeed, 3M has proposed to MSA that it agree, in this case, to substantially the *same* protective orders to which it has agreed in Kentucky. King Affidavit, ¶¶ 7-9.

---

[1] MSA has made similar objections in response to 3M's motions for protective orders in *Firebaugh, et al. v. 3M Company, et al.*, Cause No. 4:08-cv-01161; *Savage, et al. v. 3M Company, et al.*, Cause No. 4:08-cv-01162-CAS; and *Scaggs, et al. v. 3M Company, et al.*, Cause No. 4:08-cv-1163-ERW. In *Savage*, the Court today entered an order striking 3M's motion for failure to comply with Local Rule 3.04. Consistent with its actions in this case, 3M intends to move to withdraw its motions for protective orders in *Firebaugh* and *Scaggs*, and instead will file a motion for entry of a single protective order applicable to all parties in those cases as well.

[2] *See* Mtn. for Protective Order [dkt. # 55-1] (stating that counsel for Plaintiff has agreed to protective order in order to maintain confidentiality of documents being produced by 3M); Protective Order, ¶ 1 (defining "Protected Documents" to include documents produced by 3M and containing confidential or proprietary information).

4. While 3M expressly disagrees with the substance of MSA's Motion and Brief, 3M concedes that, for the convenience of the court and of all parties, and to ensure that no further misunderstandings of this nature arise, a single protective order may be preferable.

5. Accordingly, 3M requests that the Court withdraw the Protective Order between 3M and Plaintiffs. As soon as practicably possible, 3M will submit a new motion for protective order that encompasses discovery between 3M, on the one hand, and both Plaintiffs *and* MSA, on the other.

WHEREFORE, 3M requests that the Court withdraw the Protective Order, pending its consideration of 3M's Motion for Entry of Protective Order.

Respectfully submitted, this the 19th day of May, 2010.

By: /s/ Stephanie Galetti
John J. Kurowski, #62256
Stephanie Galetti # 555953
Kurowski, Bailey & Shultz, LLC
24 Bronze Pointe
Belleville (Swansea), IL 62226
Phone:   (618) 277-5500
Fax:       (618) 277-6334
E-mail:   jkurowski@kbslf.com

/s/ Lawrence R. King
Lawrence R. King, admitted *pro hac vice*
Larson King, LLP
2800 Wells Fargo Place
30 E. 7th Street
St. Paul, MN 55101
Phone:   (651) 312-6500
E-mail:   lking@larsonking.com

ATTORNEYS FOR DEFENDANT
3M COMPANY

**CERTIFICATE OF CONFERENCE**

Pursuant to Local Rule 3.04(A), the undersigned counsel for 3M Company ("3M") conferred separately by telephone with Mr. Michael Martin, one of the attorneys for Plaintiffs, and W. Jeffrey Muskopf, counsel for MSA, on the afternoon of May 19, 2010. In my separate conversations with Mr. Martin and Mr. Muskopf, I advised them that 3M would be filing a motion to withdraw the Protective Order entered by this Court. I further advised Mr. Martin and Mr. Muskopf that 3M also intended to file a Motion for the Entry of a Protective Order similar to the Protective Order entered in Perry County, Kentucky, to which MSA had stipulated.

I requested that Mr. Martin review the Protective Order similar to the Perry County, Kentucky Protective Order, and he advised that he would do so. In my conversation with Mr. Muskopf, I inquired whether he was authorized by MSA to enter into a Protective Order similar to the Protective Order entered in Perry County, Kentucky, and he advised that he currently did not have such authority.

Dated this 19th day of May, 2010

Lawrence R. King

**PROOF OF SERVICE**

      The undersigned certifies that a copy of the foregoing Response of Defendant 3M Company to Defendant Mine Safety Appliance Co.'s Emergency Motion to Reconsider the Court's Entry of Protective Order, Response to Plaintiffs' Motion to Reconsider 3M's Motion for Protective Order; and Motion of 3M Company to Withdraw Protective Order was sent to all counsel of record via Eastern District of Missouri electronic filing this 19th day of May, 2010.

Mike Martin
Maloney Martin, L.L.P.
3401 Allen Parkway, Suite 100
Houston, TX  77019
E-mail: mbmartin@mmmllp.com
Attorneys for Plaintiff

Zane T. Cagle
PAGE CAGLE
1232 Washington Ave., Suite #220
St. Louis, MO  63103
E-mail: zane@pagecagle.com
Attorneys for Plaintiff

W. Jeffrey Muskopf
Michael J. Smith
LASHLY & BAER, P.C.
714 Locust Street
St. Louis, MO  63101
Phone: 314-621-2939
E-mail: jmuskopf@lashlybaer.com
Attorneys for Defendant Mine Safety Appliances

                                      /s/ Stephanie M. Galetti
                                      ATTORNEYS FOR DEFENDANT
                                      3M COMPANY