UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION


OLEN MIDKIFF, et al.,            )
                                )
                Plaintiffs,     )
                                )
        vs.                     )       No. 4:08CV1219-DJS
                                )
3M COMPANY, et al.,             )
                                )
                Defendants.     )


## ORDER

Now before the Court is defendant Mine Safety Appliances's ("MSA") motion to compel disclosure of settlement amount promised or received by plaintiffs from 3M Company and for reduction of any potential judgment against MSA [Doc. #121]. Plaintiffs and defendant 3M Company filed responses in opposition to the motion, and defendant MSA filed a reply. Accordingly, the motion is now ripe for disposition.

Defendant MSA asks the Court for an order compelling plaintiffs to disclose the amount of the settlement they agreed to with defendant 3M. Motions to compel are governed by Federal Rule of Civil Procedure 37(a)(3), which allows a party to move for an order to compel if another party fails to make a required disclosure or fails to respond to discovery. Defendant MSA has not pointed to a disclosure, an interrogatory, a request for production, an answer to a deposition question, or any other discovery that plaintiffs failed to answer but should be compelled to answer. Thus, the motion to compel should be denied, unless Mo.

Rev. Stat. § 537.060 would require disclosure of the settlement amount at this time.

In relevant part, § 537.060 provides that "[w]hen [a settlement] is given in good faith to one of two or more persons liable in tort for the same injury . . . such agreement shall reduce the claim by the stipulated amount of the agreement, or in the amount of consideration paid, whichever is greater." Mo. Rev. Stat. § 537.060. In interpreting state law, the Court must first consider any pertinent decisions of the Missouri Supreme Court, and if none are available, the Court must look to lower court decisions and other reliable state law authorities. Troknya v. Cleveland Chiropractic Clinic, 280 F.3d 1200, 1207 (8th Cir. 2002). The parties have not cited and the Court's own research has not revealed any Missouri case determining if the amount of a settlement should be disclosed prior to trial, so the Court's "task is to determine how the state's highest court would decide the issue at hand." Id.

Missouri courts have determined that when a judgment is to be reduced due to a settlement, the settlement amount should only be made a matter of record before the judge, after the jury has reached a verdict. See Taylor v. Yellow Cab Co., 548 S.W.2d 528, 533 (Mo. 1977). Because of this procedure, the Court believes that the Missouri Supreme Court would not require disclosure of the amount of settlement until such time as that information became relevant, i.e. after a jury verdict is reached and the information is needed to be presented to the judge. Accordingly, the Court

2

finds that § 537.060 does not provide a basis upon which to grant defendant MSA's motion to compel at this time.

Accordingly,

**IT IS HEREBY ORDERED** that defendant Mine Safety Appliances's ("MSA") motion to compel disclosure of settlement amount promised or received by plaintiffs from 3M Company and for reduction of any potential judgment against MSA [Doc. #121] is denied without prejudice.

Dated this __18th__ day of October, 2010.

 /s/ Donald J. Stohr  
UNITED STATES DISTRICT JUDGE