UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| OLEN MIDKIFF, and LINDA MIDKIFF, ) <br> ) <br> Plaintiffs, ) <br> ) <br> vs. ) <br> ) <br> 3M COMPANY, and ) <br> MINE SAFETY APPLIANCES, ) <br> ) <br> Defendants. ) | Case No. 4:08CV01219 ERW |

**MEMORANDUM AND ORDER**

This matter comes before the Court on Plaintiffs' Motion to Exclude James S. Johnson, Ph.D., Expert Testimony Relating to the 3M Respirator [doc. #109]; MSA's Motion to Exclude Expert Testimony of David Dinkins [doc. #112]; MSA's Preliminary and Supplemental Motions to Exclude Expert Testimony of Ching-Tsen Bien and Darell Bevis [docs. #113, 118]; Plaintiffs' Motion to Exclude the Testimony and Expert Report of Defendant's Expert Witness, Dr. Neil Ettinger [doc. #117]; Plaintiffs' Motion to Exclude Testimony of Jim Johnson Based Upon Discovery Abuse [doc. #131]; Plaintiffs' Motion to Exclude the Testimony of Phillip Eitzman and Alan Johnson and Motion for Contempt [doc. #155]; and Plaintiffs' Objection to Doctors Bruce and Gayle as Expert Witnesses [doc. #159]. The Court held a hearing on January 19, 2011, at which the parties presented oral arguments regarding these pending Motions.

First, Plaintiffs seek to exclude the expert testimony of James S. Johnson, Ph.D. Plaintiffs' arguments with respect to Dr. Johnson are found in two separate motions, Plaintiffs' Motion to Exclude James S. Johnson, Ph.D., Expert Testimony Relating to the 3M Respirator

[doc. #109] and Plaintiffs' Motion to Exclude Testimony of Jim Johnson Based Upon Discovery Abuse [doc. #131]. The Court has reviewed these Motions, and considered the arguments made at the hearing, and concludes that Dr. Johnson's testimony should be excluded. The Court especially notes that there were documents that Dr. Johnson relied on in his deposition which were not timely produced, and which should have been available to Plaintiffs' counsel at the deposition. Defendant MSA's offer to produce the documents at the deposition is equivalent to not producing the documents at all, since the Federal Rules require timely production. *See* Fed. R. Civ. P. 26(a)(2) (requiring disclosure of expert witnesses and expert report, including documents relied on in forming opinion, within timeframe established by court). Moreover, MSA's provision of the letter it received from Dr. Johnson in late November, after the close of discovery, is meaningless. By this time, the depositions were already complete, discovery was closed, and Plaintiffs had no opportunity to use the documents to prepare to depose Dr. Johnson for cross-examination purposes. Due to these discovery abuses, the Court finds it appropriate to exclude Dr. Johnson's testimony. *See* Fed. R. Civ. P. 37(c)(1) ("If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless."). The Court will grant Plaintiffs' Motion to Exclude Testimony of Jim Johnson Based Upon Discovery Abuse [doc. #131], as it focuses more on the issues this Court finds persuasive. Plaintiffs' Motion to Exclude James S. Johnson, Ph.D., Expert Testimony Relating to the 3M Respirator [doc. #109] will be denied as moot.

Next, Defendant MSA seeks to exclude the expert testimony of David Dinkins regarding the respirable dust conditions present at ISP Minerals before 1974. MSA also seeks to exclude

all of Mr. Dinkins' testimony that is based on Exhibit 3 to his deposition. Exhibit 3 consists of a series of tables and graphs that purportedly reflect dust sampling data from the ISP Minerals plant at issue in this case. The Court finds that Mr. Dinkins will be permitted to supply expert testimony in this case, although he will not be permitted to make a retroactive analysis of air contamination before samples were collected, in order to reach any conclusions. Defendant MSA's Motion to Exclude Mr. Dinkins' testimony will be denied.

Defendant MSA also seeks to exclude the expert testimony of both Ching-Tsen Bien and Darell Bevis. Counsel for Defendant raises valid arguments about relying on a mandatory rule requiring employees to wear masks in order to conclude that a particular employee (here, Mr. Midkiff) actually wore a mask at a particular time. However, the Court believes that there is other evidence upon which experts could base such conclusions in addition to the mandatory rule, for example, Mr. Midkiff's testimony regarding his use of respirator masks and the absence of incident reports against Mr. Midkiff for failure to wear a respirator mask. Moreover, the arguments raised by MSA are a proper subject for cross-examination. Thus, the Court concludes that MSA's Motion to Exclude the Expert Testimony of Mr. Bien and Mr. Bevis will be denied.

Next, Plaintiffs seek to exclude the testimony and expert report of Defendant's expert witness Dr. Neil Ettinger. Plaintiffs argue that Dr. Ettinger is not qualified to offer an expert opinion on occupational illness and pulmonary disability. The Court disagrees, and finds that Dr. Ettinger will be permitted to offer an expert opinion at the trial in this case. Plaintiffs' Motion to Exclude Dr. Ettinger's testimony will be denied.

Based on the representations of the parties at the hearing, Plaintiffs' Motion to Exclude the Testimony of Phillip Eitzman and Alan Johnson and Motion for Contempt will be denied

without prejudice. Defendant MSA has represented that it would not rely on the depositions of Mr. Eitzman or Mr. Johnson from a previous case, which are subject to a protective order, and Plaintiffs were satisfied with that representation.

Finally, Plaintiffs object to Defendant MSA's use of Dr. Robert Bruce and Dr. David Gayle as expert witnesses in this case. Both witnesses have been deposed, and while the Court agrees that there should have been a formal designation of expert witnesses, the informal email exchange is persuasive that the parties came to an agreement for partial expert disclosures. As such, Plaintiffs' objection will be overruled.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' Motion to Exclude Testimony of Jim Johnson Based Upon Discovery Abuse [doc. #131] is **GRANTED**. Plaintiffs' Motion to Exclude James S. Johnson, Ph.D., Expert Testimony Relating to the 3M Respirator [doc. #109] is **DENIED**, **as moot**.

**IT IS FURTHER ORDERED** that MSA's Motion to Exclude Expert Testimony of David Dinkins [doc. #112] is **DENIED**.

**IT IS FURTHER ORDERED** that MSA's Preliminary and Supplemental Motions to Exclude Expert Testimony of Ching-Tsen Bien and Darell Bevis [docs. #113, 118] is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiffs' Motion to Exclude the Testimony and Expert Report of Defendant's Expert Witness, Dr. Neil Ettinger [doc. #117] is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiffs' Motion to Exclude the Testimony of Phillip Eitzman and Alan Johnson and Motion for Contempt [doc. #155] is **DENIED**, **without prejudice**.

**IT IS FURTHER ORDERED** that Plaintiffs' Objection to Doctors Bruce and Gayle as Expert Witnesses [doc. #159] is **OVERRULED**.

Dated this 20th Day of January, 2011.

_____
E. RICHARD WEBBER
SENIOR UNITED STATES DISTRICT JUDGE